# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 09-20325-STA |
| ) | |
| **ALBERT CHALMERS**, a/k/a "Shorty" ) | |
| a/k/a "Main Main" ) | |
| ) | |
| **Defendant.** ) | |

## ORDER DENYING DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Before the Court are Albert Chalmers's Motions for Judgment of Acquittal and Motion for New Trial made in open court on October 24, 2012. For the reasons set forth below, Defendants' Motions are **DENIED**.

### BACKGROUND

In the superseding indictment, Defendant was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); one count of possessing a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a); and one count of possessing a firearm in furtherance of a drug trafficking crime in violation 18 U.S.C. § 924(c). A jury trial commenced on October 17, 2012, and the jury returned its verdict on October 23, 2012, finding Defendant guilty on all three charges. Counsel for Defendant has made three separate Motions for Judgment of Acquittal under Federal Rule of Criminal Procedure 29, specifically as to the charge

1

of possession of a firearm in furtherance of a drug trafficking crime. Defendant requested a judgment of acquittal at the conclusion of the government's case-in-chief, renewed the Motion at the conclusion of all proof, and then renewed the Motion yet again after the jury returned its verdict. Defendant also made an alternative post-verdict Motion for New Trial pursuant to Rule 33. In each instance, the Court took Defendant's Motions under advisement.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29 states in pertinent part as follows:

**(a) Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

**(b) Reserving Decision.** The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.[1]

"The test for denial of a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is the same as the test for reviewing a claim that the evidence is insufficient to support a conviction."[2] In reviewing claims for sufficiency of the evidence to support a conviction, the Court should review the record in the light most favorable to the prosecution and grant relief only if it is found that upon the evidence adduced at trial, no rational trier of fact could have found proof

---

[1] Fed. R. Crim. Pro. 29.

[2] *United States v. Pennyman,* 889 F.2d 104, 106 (6th Cir. 1989).

of guilt beyond a reasonable doubt.[3] The government must receive the benefit of all inferences which can reasonably be drawn from the evidence.[4] The Court may not make its own determinations with respect to the credibility of witnesses or the weight to be given the evidence.[5] At the same time, a defendant's contradictory evidence is not to be considered on a motion for judgment of acquittal.[6] Under the Rule 29 standard, "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt."[7] The Sixth Circuit has stated that a defendant claiming "insufficiency of the evidence bears a very heavy burden."[8]

Federal Rule of Criminal Procedure 33 provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[9] The Court should grant a Rule 33 motion only where the verdict was against the manifest weight of the evidence.[10] "A reversal based on the verdict being against the manifest weight of the evidence is proper when the government has presented sufficient evidence to convict, but the judge disagrees

---

[3] *Jackson v. Virginia,* 443 U.S. 307, 324 (1979); *see also United States v. Acosta-Cazares,* 878 F.2d 945, 954-52 (6th Cir. 1989).

[4] *Glasser v. United States,* 315 U.S. 60, 80 (1942).

[5] *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990).

[6] *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984); *Robinson v. United States*, 144 F.2d 392, 401 (6th Cir. 1944).

[7] *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Prieur,* 429 F.2d 1237, 1238 (6th Cir. 1970).

[8] *Abner*, 35 F.3d at 253; *United States v. Vannerson,* 786 F.2d 221, 225 (6th Cir. 1986).

[9] Fed. R. Crim. P. 33(a).

[10] *United States v. Munoz,* 605 F.3d 359, 373 (6th Cir. 2010).

with the jury's resolution of conflicting evidence."[11] In this way, the district judge assumes the role of a "thirteenth juror," assessing the credibility of witnesses and the weight of the evidence "to insure that there is not a miscarriage of justice."[12] Not only are motions pursuant to Rule 33 distinct from Rule 29 motions, but Rule 33 motions for new trial are "disfavored, discretionary, and granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict."[13]

## ANALYSIS

**I. Motions for Judgment of Acquittal**

As an initial matter, Defendant made his Rule 29 Motions at the close of the government's proof, again at the close of all proof, and after the jury returned its verdict. Rule 29 requires that the Court decide Defendant's motions on the basis of the evidence heard at the time the Court reserved its ruling. The Court's task is somewhat complicated in this case by the fact that the Court permitted the government to call its witnesses out of order. On Friday, October 19, 2012, Defendant called three witnesses before the government completed its case-in-chief on Monday, October 22, 2012.[14] After the government rested its case on October 22, Defendant immediately rested his case. Despite this irregularity, the Court's analysis remains the same. The Court begins by considering the sufficiency of the evidence presented in the government's case and then proceeds to analyze the

---

[11] *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998) (citing *Tibbs v. Florida,* 457 U.S. 31, 42 (1982)).

[12] *Lutz*, 154 F.3d at 589 (citing *United States v. Ashworth,* 836 F.2d 260, 266 (6th Cir. 1988)); *United States v. Hanna*, 661 F.3d 271, 297 (6th Cir. 2011).

[13] *United States v. Mitchell*, 9 F. App'x 485, 489 n.2 (6th Cir. 2001) (citation omitted).

[14] When the government called all of its available witnesses on October 19, Defendant agreed to put on his case out of order for the purpose of allowing the trial to proceed without delay.

4

sufficiency of the evidence at the close of all proof. More to the point, the Court holds that the government presented sufficient evidence to prove count 3 beyond a reasonable doubt and that Defendant has failed to carry his "very heavy burden" to show otherwise.

Defendant's Motions are all addressed to the charges in count 3 of the superseding indictment, alleging that Defendant possessed a firearm in furtherance of a drug trafficking crime. Section 924(c) states that "any person . . . who, in furtherance of any [drug trafficking] crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-(i) be sentenced to a term of imprisonment of not less than 5 years."[15] The jury convicted Defendant on separate counts of being a felon in possession of a firearm and of drug trafficking.[16] Defendant does not seek judgment of acquittal on these verdicts. To the extent then that the proof of these offenses overlapped with the proof of the § 924(c) offense, the Court arguably need not analyze the evidence establishing Defendant's possession of a firearm and his drug trafficking crime. Even so, the Court will analyze the sufficiency of the evidence as to all three elements of the § 924(c) offense.

Concerning the first element, the Court holds that a rational juror could have found beyond a reasonable doubt that Defendant engaged in a drug trafficking crime. Defendant not only had constructive possession of approximately 3 grams of marijuana, police also located a digital scale and a device used to grind marijuana as part of a refining process. The testimony showed that these

---

[15] 18 U.S.C. § 924(c)(1)(A).

[16] It is undisputed in this case that the charge of possession with intent to distribute in violation of 21 U.S.C. § 841(a) is a drug trafficking crime. *See* 18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .").

items were commonly used in the drug trade. There was additional evidence of acts intrinsic to Defendant's drug distribution activities, including the testimony of Shuntaye Montgomery, a woman who had made ten purchases of marijuana from Defendant at the same location in the two weeks leading up to the bust. Taken together and viewing these facts in the light most favorable to the prosecution, there was more than enough evidence from which a rational juror could find that Defendant had engaged in a drug trafficking crime.

As for the second element, the Court holds that a rational juror could have found beyond a reasonable doubt that Defendant possessed the gun. As part of their search of the premises after the bust, the police recovered the .38 caliber pistol from the side of the duplex where Defendant was present and where he had conducted drug sales. The gun was stored in a recess behind a medicine cabinet in the bathroom located in that side of the duplex. What is more, the evidence showed that Defendant stated to police that he purchased the gun for $20. Evidence of ownership of contraband suffices to establish constructive possession.[17] A reasonable juror could infer that Defendant purchased the weapon, retained ownership of it, and then carried it to the duplex for storage or safekeeping. Therefore, viewing the evidence in the light most favorable to the government, the Court concludes that there was sufficient evidence to prove that Defendant possessed the firearm.

With respect to the third and final element, the Court holds that a rational juror could have found beyond a reasonable doubt that Defendant possessed the firearm in furtherance of the drug trafficking offense. The Sixth Circuit has held that "the weapon must promote or facilitate the

---

[17] *United States v. Russell*, 595 F.3d 633, 645 (6th Cir. 2010) ("To establish constructive possession, the evidence must indicate 'ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed.'").

crime"[18] and that "the firearm must be strategically located so that it is quickly and easily available for use."[19] Because the "in furtherance of" standard is "more stringent," the government must prove a "specific nexus" between the firearm and the drug trafficking, and not simply that a defendant possessed a gun at the same time he committed a drug trafficking offense.[20] "Other factors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found."[21]

The Court holds that all of the *Mackey* factors support the conclusion that Defendant possessed the firearm in furtherance of his drug trafficking offense. First, the weapon was strategically located in close proximity to contraband stored in the bathroom. Police found the firearm in the wall behind the medicine cabinet along with a cup containing individually bagged quantities of marijuana, a digital scale, and a grinder. In the cabinet below these items, police discovered a larger supply of marijuana. A reasonable juror could find that the .38 was kept for quick and easy use near the supply of illegal narcotics and the drug paraphernalia. The Sixth Circuit has held that physical proximity between a firearm and contraband strengthens the nexus for purposes of § 924(c).[22] Second, the evidence in this case showed that the gun was loaded. Third,

---

[18] *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001).

[19] *Id.* at 462 (quoting *United States v. Feliz-Cordero*, 859 F.2d 250, 254 (2d Cir. 1988)).

[20] *Id.*

[21] *Id.*

[22] *United States v. Ham*, 628 F.3d 801, 809 (6th Cir. 2011) ("The nexus between the offense and gun is even stronger than in *Swafford* because the gun was found in closer proximity to the drugs, i.e., in the same room."); *United States v. Manjate*, 327 F. App'x 562, 568 (6th Cir.

7

the firearm was a handgun, a Smith & Wesson .38 caliber revolver, which DEA agent Joe Hoeing testified was commonly used in the drug trade for personal protection.[23] Fourth, Defendant possessed the firearm illegally because he was already a convicted felon. Fifth, the type of drug activity supports the inference that Defendant possessed the gun in furtherance of his drug trade. Based on the evidence already discussed above, the jury convicted Defendant of possession with intent to distribute. As such it cannot be said that Defendant's narcotics were simply for personal use. Finally, the firearm along with marijuana and other indicia of drug trafficking were recovered during the police raid of the Dexter Avenue duplex where Defendant had sold marijuana for at least two weeks before the bust.[24] One witness, Ms. Montgomery, testified that she had purchased marijuana ten times from Defendant at this location over the two weeks prior to the bust and that she was present in the duplex using marijuana at the time of the bust. In addition to finding the gun and the drugs, police discovered a digital scale and a grinding device, all of which are commonly part of the drug trade and all of which were stored in proximity to the firearm. Therefore, there was

---

2009) (noting that a firearm "was located in close proximity to drugs and cash and ammunition, so as to be quickly and easily accessed for use"); *United States v. Sales*, 247 F. App'x 730, 736 (6th Cir. 2007) (holding that sufficient evidence existed to convict under § 924(c) where firearm was stored in same cabinet with drugs and digital scales); *United States v. Swafford*, 385 F.3d 1026, 1029 (6th Cir. 2004) (holding that sufficient evidence existed where gun stored in a different room than the narcotics); *United States v. Johnson*, 39 F. App'x 114, 120-21 (6th Cir. 2002) ("The 9mm and the .38 were strategically located near the marijuana for quick and easy use, demonstrating a specific nexus between the weapons and the drug trafficking.").

[23] *Ham*, 628 F.3d at 809 (holding that DEA agent's testimony about role of firearms in drug trade supported conviction under § 924(c)); *Swafford*, 385 F.3d at 1029 (same); *United States v. Nance*, 40 F. App'x 59, 67 (6th Cir. 2002) (same). The Sixth Circuit has further noted that handguns such as the .38 in this case are "easily transported or concealed" and therefore "more likely to be used in furtherance of a drug crime." *United States v. Gill*, 685 F.3d 606, 611-12 (6th Cir. 2012) (internal quotation marks omitted).

[24] *United States v. Whitehead*, 415 F.3d 583, 589-90 (6th Cir. 2005).

sufficient evidence in this case to support all of the factors set out in *Mackey* and establish a specific nexus between the gun and the narcotics.

It is true that there was no testimony from any witness who ever saw Defendant in actual possession of the weapon to promote or facilitate a narcotics transaction. This fact arguably affects the strength of the nexus between the gun and the drug trade in which Defendant engaged, perhaps under the fourth and fifth *Mackey* factors. As Judge Clay observed in a "close" case involving a § 924(c) conviction, "any small variation in the facts, diminishing the connection between the gun and the drugs, might [be] enough to render the evidence insufficient to support the conviction."[25] It is also true, however, that this is only one factor among others for the Court to consider. Based on all of the circumstances and viewing them in the light most favorable to the government, the Court concludes that a reasonable juror could have found beyond a reasonable doubt that Defendant possessed the gun in furtherance of his drug trafficking crime. Therefore, Defendant's Motion for Judgment of Acquittal is **DENIED**.

The Court reaches the same conclusion with respect to Defendant's Rule 29 Motion at the close of all proof. Along with the evidence presented in the government's case-in-chief, the jury heard testimony from three defense witnesses: a custodian of records from the utility company, an individual present at the time of the bust who was visiting the house for the purpose of purchasing auto accessories, and an officer who testified about the retention of police band broadcasts. Viewing this testimony in the light most favorable to the prosecution and disregarding any defense evidence that possibly contradicted the government's proof, the Court finds that none of it weakens the sufficiency of the evidence as to count 3. Moreover, the government called one rebuttal witness,

---

[25] *Swafford*, 385 F.3d at 1031 (Clay, J., concurring).

Sergeant Marcus Clark, who testified to Defendant's prior acts tending to show Defendant's intent to distribute. More specifically, Defendant pleaded guilty in 2005 to a previous charge of possession with intent to distribute marijuana at the very same Dexter Avenue address where Defendant was dealing marijuana in this instance. This additional evidence only buttresses the conclusion that there was sufficient evidence from which a reasonable juror could find beyond a reasonable doubt that Defendant had engaged in drug trafficking. Therefore, Defendant's Rule 29 Motion made at the close of all proof is also **DENIED**.

## II. Motion for New Trial

Likewise, the Court holds that the evidence does not preponderate heavily against the jury's verdict such that a new trial is warranted. On a Rule 33 motion, the Court's task is to assess the credibility of witnesses and the weight of the evidence, particularly insofar as the jury resolved conflicting testimony. Although Defendant did not specify what grounds existed to support this Motion, the Court does not find that extraordinary circumstances exist in this case to justify a new trial. Defendant has hotly contested the admissibility of the testimony of the arresting officers about Defendant's claim of ownership of the firearm. As previously discussed, the jury heard evidence that Defendant stated in the presence of Officers Graves and Crosby he had purchased the gun for $20. Defendant challenged the admissibility of this custodial statement in his motion to suppress, his motion for reconsideration, and his renewed motion to suppress at trial. According to Defendant, the officers improperly initiated further conversation and thereby elicited his statement about buying the gun, even though he had invoked his right to remain silent. The Court received testimony from both officers before trial and credited the officers' testimony about the circumstances of Defendant's statement, in particular that Defendant initiated the conversation with Officer Graves. Having now

heard the officers' trial testimony, the Court finds no reason to reconsider its previous credibility finding or to question the officers' credibility at trial.[26] Thus, the Court holds that the jury's decision to accept the officers' testimony about Defendant's claim of ownership over the gun was not against the manifest weight of the evidence. To the extent that Defendant's Rule 33 Motion is based on this issues, the Motion is **DENIED**.

Furthermore, the Court finds no other conflicting testimony where the Court could substitute its own assessment of the evidence or the credibility of the witnesses for that of the jury. The Court finds that none of the testimony raised a material factual conflict, which the Court could resolve in Defendant's favor and which would in turn lead to a new trial or any other similar relief. Therefore, Defendant's Motion for New Trial must be **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 1, 2012.

---

[26] It is true that the investigating officers differed among themselves about various details concerning certain circumstances about the bust as well as Defendant's arrest. The Court finds that none of these inconsistencies were actually material to the issue of guilt or innocence. For example, Officer Graves and Officer Crosby disagreed about which of them drove the police cruiser transporting Defendant to the jail after his arrest. The Court finds that this inconsistency does not undermine the officers' credibility on the more salient facts of the investigation.